IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EUGENIO MELCHOR-RIOS,**

    Petitioner,

v.                                          Case No. 2:25-cv-01055-WJ-GJF

**MELISSA ORTIZ,** in her official capacity as
Acting Warden,
Torrance County Detention Center;
**MARISA FLORES,** in her official capacity as
Acting Director, Immigration and Customs
Enforcement's Enforcement and Removal Operations,
El Paso Field Office; **TODD LYONS,**
in his official capacity as Acting Director,
U.S. Immigration and Customs Enforcement,
**KRISTI NOEM,** in her official capacity as Secretary,
Department of Homeland Security; and
**PAMELA BONDI,** in her official capacity as
Attorney General; **EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW**

    Respondents.

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS AS TO BOND HEARING AND PRESERVING JURISDICTION

THIS MATTER is before the Court upon Petitioner Eugenio Melchor-Rios's Petition for Writ of Habeas Corpus, 28 U.S.C. § 2241, and Request for Order to Show Cause ("the Petition"). **[Doc. 1]**.  Petitioner is a Mexican national who has lived in the United States since 2003.  Petitioner was arrested at a traffic stop on or about August 15, 2025.  Removal proceedings were commenced before the Otero Immigration Court, charging Petitioner with violation of 8 U.S.C. § 1182(a)(6)(A)(i) for being a noncitizen present in the United States without admission or inspection.  **[*Id.* at 10–11 ¶ 43].**[1]  Following his arrest, Petitioner was transferred to U.S.

---

[1] The Petition states, "ICE has charged Petitioner with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)

Immigrations Enforcement (ICE) custody at Torrance County Detention Center, where the record indicates he remains detained. ICE subsequently issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be conditionally released. According to the facts in the present record, Petitioner has no prior criminal history apart from a 2019 encounter with law enforcement for driving without a license. **[*Id.* at 11 ¶ 44].**

A recent DHS policy, announced in a July 8, 2025, memorandum to ICE employees,[2] and made binding on immigration judges in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sep. 5, 2025), provides that any alien inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) — i.e., any person who has entered the United States without admission or inspection — is subject to mandatory detention under § 1225(b)(2)(A) and therefore ineligible to be released on bond. Petitioner asserts this policy unlawfully departs from decades of established agency practice of placing noncitizen residents of the United States, who have previously entered without inspection, in standard removal proceedings, including an individualized custody determination, unless their criminal history rendered them ineligible pursuant to 8 U.S.C. § 1226(c). He also contends that it is inconsistent with the framework set forth by the Immigration and Nationality Act (INA) Section 236.1, § 1226(a)(2)(A)–(B), which authorizes conditional parole or bond for individuals facing removal charges who currently reside in the United States.[3]

Petitioner further asserts that his continued detention without a bond redetermination

---

as someone who entered the United States without inspection." **[Doc. 1 at 10–11 ¶ 43 (emphasis added)]**. It is not specified what other charges Petitioner may be subject to. The Court assumes, for purposes of this Memorandum Opinion and Order, that they would not affect the application of 8 U.S.C. §§ 1225 and 1226 to Petitioner's detention. Given the confines of the present record, the Court's ruling is conditional on further factual development.

[2] *See ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission* (July 8, 2025), available at https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission.

[3] Petitioner also asserts that his detention without eligibility for bond violates INA implementing regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. **[Doc. 1 at 12 ¶¶ 52–55]**. Because the Court grants relief on other grounds, it need not reach this additional argument.

hearing violates his Fifth Amendment right to due process. **[Doc. 1 at 13]**. As relief, Petitioner requests that this Court assume jurisdiction over this matter; issue an order to show cause; declare Petitioner's detention unlawful, prevent his transfer outside the District of New Mexico pending the resolution of this habeas petition; issue a Writ of Habeas Corpus requiring that Respondents release Petitioner, or, alternatively provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Although the record shows that all respondents in this case were served with copies of the Petition on or before November 3, 2025, in accordance with Fed. R. Civ. P. 4, **[Docs. 4–10]**, and therefore have been provided notice and an opportunity to respond, they have not appeared or responded to the allegations in the Petition. The Court's review is therefore confined to a limited record. Nonetheless, the Court finds that in view of the circumstances, and the current state of the law on the statutory issue raised by the Petition, the interest of justice requires prompt action in the form of the relief specified herein. *See also* 28 U.S.C. § 2243 (requiring that habeas proceedings be handled expeditiously). Consistent with principles of due process, Respondents shall have the opportunity to file any written objections to this Memorandum Opinion and Order within 5 working days of this Order.

## I. Petitioner is entitled to an individualized bond hearing

Petitioner seeks the alternative relief of a writ ordering Respondents to provide him an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). **[Doc. 1 at 14]**. The availability of this relief is conditional on a finding that § 1226(a), not § 1225(b), governs Petitioner's detention. Section 1226(a) establishes detention guidelines for noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226(a) authorizes, but does not mandate, detention and permits release on bond or conditional parole,

subject to certain exceptions listed in § 1226(c).[4] § 1226(a)(2)(A)–(B).  As a matter of federal regulation, individuals detained under § 1226(a) generally "receive bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  By contrast, individuals subject to § 1225(b) "shall be detained" without any opportunity for custody redetermination.  §§ 1225(b)(1)(B)(iii)(IV), (b)(2)(A).  "With the exception of temporary parole under Section 1182(d)(5)(A), 'there are no other circumstances under which aliens detained under Section 1225(b) may be released.'"  *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065, --- F.Supp.3d ----, ----, 2025 WL 3314420, at *11 (E.D.N.Y. Nov. 28, 2025) (quoting *Jennings*, 583 U.S. at 300)) (brackets omitted).

Whether the detention of individuals like Petitioner, who previously entered and currently reside in the United States, is governed by the discretionary detention provisions of § 1226(a) or the mandatory detention provisions of § 1225(b), is a question that has been answered in near-unison by district courts nationwide: § 1226(a) governs.  *See Cortez-Gonzalez v. Noem*, --- F. Supp. 3d ----, 2025 WL 3485771-MLG-KK, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Gomes v. Hyde*, 1:25-cv-11571-JEK, --- F. Supp. 3d ----,----, 2025 WL 1869299, at *7 (D. Mass. July 7, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. Aug. 13, 2025); *Diaz Martinez v. Hyde*, 792 F. Supp. 3d 211, 222 (D. Mass. July 24, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *1 (E.D. Mich. Sept. 9, 2025).  The Court agrees with this overwhelming majority for much the same reasons set forth

---

[4] The current record does not indicate that any of these exceptions applies here.  Petitioner represents that his criminal record contains one "encounter" relating to driving without a license.  **[Doc. 1 at 11 ¶ 44].**  Neither the location of this encounter or its outcome is apparent.  But regardless of the outcome of the incident, a conviction for driving without a license would not trigger any of the provisions in § 1226(c) mandating custody.  *See* § 1226(c)(1)(A)–(E).

4

in *Cortez-Gonzalez*, 2025 WL 3485771, at *3–5.  The Court sees no reason to retrace the thorough analysis conducted by its fellow court.  Like the petitioner in *Cortez-Gonzalez*, Petitioner Melchor-Rios entered the United States approximately two decades ago and has lived here since.  **[Doc. 1 at 10 ¶ 41].**  The facts in the current record thus indicate that Petitioner's detention is governed by § 1226(a), not § 1225(b).  As stated above, individuals detained under this section are entitled to a custody determination by a neutral immigration judge at the outset of detention.  *Jennings*, 583 U.S. at 306.

Therefore, exercising its equitable discretion in fashioning an appropriate habeas remedy, the Court joins nearly every other district court to consider analogous cases in finding that Petitioner is entitled to an individualized bond hearing to determine his custody status pursuant to § 1226(a).  *See, e.g.*, *Cortez-Gonzalez v*, 2025 WL 3485771, at *3; *Velasquez Salazar*, 2025 WL 2676729, at *4; *Pu Sacvin*, 2025 WL 3187432, at *3.  If no such hearing is held, Petitioner must be immediately released from custody unless and until it is determined that continued detention is warranted pursuant to 8 U.S.C. § 1226.  *See Velasquez Salazar*, 2025 WL 2676729, at *9; *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *5 (S.D. Tex. Oct. 8, 2025).

**II.   An order in aid of the Court's jurisdiction is proper**

"This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal."  *Reyna-Salgado v. Noem, et al.*, No. 25-3235-JWL, 2025 WL 3562597, at *1 (D. Kan. Dec. 12, 2025) (citing *Demore v. Kim*, 538 U.S. 510, 517–18 (2003)); 28 U.S.C. § 2241(c)(3).  Venue is proper in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).  Therefore, this Court will exercise its jurisdiction pursuant to 28 U.S.C. § 2241.

5

Petitioner seeks declaratory relief preventing his transfer outside the District of New Mexico during the pendency of this proceeding. The Court finds it proper to grant this relief. The Court is aware that disagreement may be perceived among courts — including in this circuit — regarding whether, in this context, a habeas petitioner's transfer outside of the original district of confinement destroys the original district's jurisdiction. *See Castillo v. Andra-Ybarra*, No. 25-CV-1074-JB-JFR, 2025 WL 3251223, at *13 (D.N.M. Nov. 21, 2025) (Proposed Findings and Recommended Disposition (PFRD)) (finding that whether habeas jurisdiction was limited to the district of confinement was "clearly disputed, given the differences in interpretation and application amongst district courts handling comparable immigration matters"). The relevant statutory language provides that "[w]rits of habeas corpus may be granted by . . . the district courts within their respective jurisdictions." 28 U.S.C. § 2241(a); *see also* § 2242 ("If addressed to the Supreme Court, a justice thereof or a circuit judge, [a habeas petition] shall state the reasons for not making application to the district court of the district in which the applicant is held."). Therefore, under one interpretation of the relevant statutory text, writs of habeas corpus may issue only to petitioners confined within the territorial reach of the district court. *See Padilla*, 542 U.S. at 446–47 ("The proviso that district courts may issue the writ only 'within their respective jurisdictions' forms an important corollary to the immediate custodian rule in challenges to physical custody under § 2241.") (quoting 28 U.S.C. § 2241(a)). In *Rumsfeld v. Padilla*, 542 U.S. at 443, the U.S. Supreme Court summarized "[t]he plain language of the habeas statute " and "confirm[ed] the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."

Notwithstanding any jurisdictional limitations of the traditional habeas framework, there is some uncertainty as to whether the same limitations apply in the context of immigration

6

detainees challenging the statutory basis for detention pending a final removal determination. To be sure, a custody challenge must be *filed* in the district of confinement. As to what happens after the initiation of proceedings, the current weight of authority in this circuit appears to hold that a petitioner's subsequent transfer does not deprive the originating court of its authority to grant relief, provided jurisdiction is proper when the petition was filed. *See Castillo v. Andra-Ybarra*, No. 25-CV-1074-JB-JFR, 2025 WL 3251223, at *13 (D.N.M. Nov. 21, 2025) (Proposed Findings and Recommended Disposition (PFRD)) ("It is true that 'jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner'") (quoting *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 949 (D. Colo. 2025)); *Molina Ochoa v. Noem*, 25-CV-00881-JB-LF, 2025 WL 3125846, at *14 (D.N.M. Nov. 7, 2025) (PFRD) (recommending that the court not enjoin the petitioner's removal from the District of New Mexico because his transfer would not defeat its jurisdiction); *Arostegui-Maldonado*, 794 F. Supp. 3d at 949 (quoting *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015)) (unpublished))).

That said, although Petitioner's hypothetical transfer to a custodian in another state may not destroy this Court's jurisdiction, there may be other compelling reasons that support requiring maintaining the status quo. For example, courts have found that jurisdictional relief is proper where the record appears to demonstrate a real risk that the Petitioner could be imminently removed from the United States. *See Perez Parra v. Castro*, 765 F. Supp. 3d 1241, 1242 (D.N.M. 2025) (finding that a TRO enjoining Respondents from removing petitioners to Guantanamo Bay was proper in light of recent removals of Venezuelans sharing similar characteristics to petitioners); *Arostegui-Maldonado*, 794 F. Supp. 3d at 947–48 (finding that "there [was] little question that [the Court] has authority under the All Writs Act" to enjoin removal where petitioner's "fear of unlawful removal is not merely theoretical nor remote"). The current record

is silent on the imminency of any risk of removal in Petitioner's case. Even so, other significant and compelling reasons support requiring Respondents maintain Petitioner's presence in this District, including, perhaps most significantly, to facilitate his access to counsel representing him in this habeas proceeding. *See Arostegui-Maldonado*, 794 F. Supp. at 949 (finding that jurisdictional relief was proper, even if the petitioner's transfer would not deprive the Court of jurisdiction over the habeas petition, where access to counsel would be jeopardized by petitioner's transfer to a different facility). "Moreover, the Court further finds that, given it has just ordered that a bond hearing should take place within 14 days of this Order, [Petitioner]'s transfer in the interim would significantly frustrate his counsel's ability to prepare for and assist [Petitioner] in that bond hearing." *Id.* In the same vein, ensuring Petitioner remains in this District pending the resolution of this matter will expedite its resolution. *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) (finding that the "equities strongly favor[ed]" preventing petitioner's transfer outside the Court's jurisdiction, including because doing so, among other things, would "expedite resolution").

Federal courts are vested with broad discretion to "enter orders necessary or appropriate in aid of [their] jurisdiction." *Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997) (quoting *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994)). For the reasons stated herein, the Court determines that it is a proper exercise of its inherent authority to enter an order preserving its jurisdiction in this case. The All Writs Act, 28 U.S.C. § 1651(a). This relief is further supported by the determination of many district courts across the United States to grant similar relief in comparable circumstances. *See, e.g.*, *Lin v. Almodovar*, 25-CV-10115 (DEH), 2025 WL 3513993, at *1 (S.D.N.Y. Dec. 8, 2025) (issuing a stay of petitioner's removal from the United States to preserve its habeas jurisdiction pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a));

*Leuthavone v. Salisbury*, No. 97-CV-556-JJM, 2025 WL 1135588, at *1 (D.R.I. Apr. 17, 2025) (same); *Juarez v. Bondi*, 25-17849-GC, 2025 WL 3269926, at *1 (D.N.J. Nov. 24, 2025) (enjoining petitioner's transfer from the District of New Jersey and removal from the United States until further order).

### III.   Procedure for filing documents under seal

Separately, the Court notes that Petitioner has submitted the Petition and other docket entries under seal.  **[Docs. 1, 5–11]**.  Given the "strong presumption in favor of public access" to court records, parties seeking to file a document or categories of documents under seal must seek leave of the Court.  *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (citation omitted).  In support of such a motion, the movant must demonstrate that there is "some significant interest that outweighs the presumption" of public access.  *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted).  Accordingly, Petitioner **SHALL** file a motion articulating the basis for imposing a seal and to which documents or categories of documents the seal should apply.  *United States ex rel. Schroeder v. Hutchinson Reg'l Medical Ctr.*, 777 F. Supp. 3d 1256, 1288 (D. Kan. 2025) ("[W]hen documents inform the court's decision-making process, the movant must articulate a real and substantial interest that justifies depriving the public of access.") (cleaned up)).  Alternatively, if there are insufficient grounds to warrant a seal, Petitioner shall re-file unsealed versions of the documents previously filed under seal, with any necessary redactions in accordance with Fed. R. Civ. P. 5.2(a).

## CONCLUSION

In accordance with this Memorandum Opinion and Order:

- The Court ORDERS Respondents not to remove Petitioner from the United States or transfer him outside the District of New Mexico until further order of this Court.

- Respondents SHALL file any objections to this Order by January 7, 2026 (5 working days from the date of this Order).

- Pending the Court's resolution of any objections to this Order, Respondents shall provide Petitioner with an individualized bond hearing by January 13, 2026 (14 days from the date of this Order).  If no bond hearing is held by January 13, 2026, Respondents are ordered to release Petitioner from detention unless and until it is determined that continued detention is warranted under 8 U.S.C. § 1226.

- Within **3 days of any bond hearing**, Respondents SHALL certify compliance with this Order by filing a **status report** with the Court, including if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial**.**  As discussed herein, that Petitioner is detained under § 1225 and not § 1226 is not a proper reason for denial of bond.

- By January 7, 2026 (5 working days from the date of this Order) Petitioner SHALL submit a motion demonstrating why the docket should remain under seal. Alternatively, Petitioner shall file a request that the docket be un-sealed and re-file on the public docket the docket entries previously filed under seal.

**IT IS SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE